FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERONICA T.-C., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-CV-03148-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 20. Attorney D. James Tree represents Veronica T.-C. (Plaintiff); Special Assistant United States Attorney Diana Andsager represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on April 7, 2017, alleging disability since January 13, 2013[2], due to peripheral neuropathy in the right leg, obesity, bilateral carpal tunnel syndrome/hand pain, diabetes, chronic low back pain, chronic headaches with vertigo, bursitis of both hips, depression, anxiety, and asthma. Tr. 82-83. The application was denied initially and upon reconsideration. Tr. 150-58, 173-79. Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on November 20, 2019, Tr. 44-79, and issued an unfavorable decision on December 24, 2019. Tr. 22-37. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 29, 2020. Tr. 1-6. The ALJ's December 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 15, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1981 and was 36 years old as of her alleged onset date. Tr. 35. She has an 8th grade education and a minimal work history, primarily as a housekeeping cleaner with some work in agriculture and warehousing. Tr. 52-55, 72, 349. She testified her primary barriers to working were back pain, migraines, depression, and carpal tunnel syndrome. Tr. 55. She had carpal tunnel release surgery on her right hand in July 2019 and testified that the surgery did not help and made her pain worse. Tr. 57-58.

---

[2] Plaintiff later amended her alleged onset date to the protected filing date, April 7, 2017. Tr. 48. She also withdrew her concurrent application for Disability Insurance Benefits. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20

C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On December 24, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 22-37.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 25.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, bilateral carpal tunnel syndrome, radial styloid tenosynovitis, lumbar spine degenerative disc disease, depressive disorder, and pain disorder with related psychological factors. Tr. 26.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26-28.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant can frequently climb ramps and stairs, and never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and occasionally crawl. The claimant can frequently handle and finger bilaterally. She should avoid concentrated exposure to vibration, fumes, odors, dust, and gases, and hazards such as moving machinery and unprotected heights. The claimant is capable of understanding, remembering, and performing simple, routine, one and two step tasks. The claimant is able to perform with occasional superficial contact with

the public and occasional contact with coworkers, which means no team work.

Tr. 28.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a housekeeping cleaner. Tr. 35.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of marking clerk, ticketer, and parking lot valet. Tr. 35-36.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 37.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) not properly assessing Plaintiff's medically determinable severe impairments at step two; (2) improperly assessing Plaintiff's subjective complaints; and (3) not properly evaluating the medical opinions.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 18 at 7-14.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons.

*Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 29. The ALJ found Plaintiff's complaints were not supported by the generally normal mental and physical exam results, were not fully consistent with the findings in the medical opinions, and were inconsistent with evidence showing a good response to treatment. Tr. 29-31, 34.[3] At step one, the ALJ noted Plaintiff had worked during the relevant period, below the level of substantial gainful activity, but noted that Plaintiff continuing to work and looking

---

[3] The ALJ additionally found Plaintiff's allegations were undermined by evidence of a lack of compliance with treatment recommendations regarding diet and exercise. Tr. 31. Defendant admitted this was an error and did not rely upon that rationale, but alleged the mistake was harmless as the ALJ offered other valid reasons for discounting Plaintiff's allegations. ECF No. 20 at 9. The Court therefore will not address this rationale.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

for work were inherently inconsistent with her allegations of full disability. Tr. 25-26.

Plaintiff argues the ALJ's discussion was insufficiently specific, ignored the context of treatment notes, and was not consistent with the record. ECF No. 18 at 7-14. Defendant argues the ALJ appropriately relied on evidence of improvement and the lack of support from the objective records, and reasonably found Plaintiff's allegations to be inconsistent with the medical opinions. ECF No. 20 at 7-9.

The Court finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. An ALJ may consider the types of treatment a claimant receives and the effectiveness of that treatment in assessing a claimant's subjective allegations. Social Security Ruling 16-3p. However, the fact that a person makes some improvement "does not mean that the person's impairments no longer seriously affect [their] ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The ALJ found Plaintiff had "shown good response to treatment, resulting in a wider residual functional capacity," and cited to 70 pages of physical therapy records from 2017-2019. Tr. 34. The Court finds the ALJ's discussion is not sufficiently specific to constitute a clear and convincing reason for discounting Plaintiff's allegations, as the ALJ failed to cite to any specific records demonstrating a "good response" to treatment. Furthermore, while the physical therapy records document the occasional report of decreased pain or other symptoms, usually directly following treatments (Tr. 1314, 1318, 1322, 1334, 1344, 1362, 1370), the records also contain reports of ongoing pain, along with objective findings of tenderness, decreased strength and sensation, and limited range of motion. Tr. 1315, 1318-19, 1324, 1328, 1334, 1350-51, 1357, 1359. To the extent the ALJ indicated Plaintiff's July 2019 carpal tunnel release surgery improved her right hand symptoms, this conclusion is not supported by the record. Plaintiff continued to report numbness, pain, and tingling in her right hand following surgery. Tr. 1304, 1306, 1309, 1312,

1326, 1468. While she experienced some slow improvement through physical therapy, there is no indication that her status ever reached or exceeded her pre-surgery abilities. Tr. 1309, 1311. Therefore, the ALJ's conclusion that Plaintiff demonstrated a good response to treatment, to the point of undermining her claims of ongoing limitations, is not supported by substantial evidence.

To the extent the ALJ intended her discussion of Plaintiff's work activity at step one to serve as a basis for disregarding Plaintiff's allegations, the Court finds the discussion does not constitute clear and convincing rationale. The ALJ stated Plaintiff's work activity and job searching were inconsistent with claiming to be disabled, as it showed she believed she was capable of work. Tr. 25-26. The Court finds the ALJ's conclusion is not supported by substantial evidence. As the ALJ found, Plaintiff did not engage in substantial gainful activity during the relevant period. Tr. 25. Though she attempted to work, the record indicates she was unable to maintain her position due to absences. Tr. 53, 1261. Attempting to work and having a desire to work are not the same as being actually capable of working on a regular and consistent basis.

The only other rationale offered by the ALJ was that Plaintiff's allegations were not supported by the objective medical evidence. Tr. 29-31, 34. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Because none of the ALJ's other reasons are supported by substantial evidence, this cannot serve as the only basis for the ALJ's rejection of Plaintiff's subjective complaints.

Defendant argues the ALJ correctly found Plaintiff's complaints to be inconsistent with the findings and opinions of her medical providers, citing to

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

occupational therapist Lynda Campbell, Dr. Henry Kim, and Dr. Anneliese Corcoran. ECF No. 20 at 8-9. However, none of the records cited by the ALJ contain an opinion that is contradictory to Plaintiff's alleged limits; rather they simply discuss objective findings and the course of her physical therapy treatment. Tr. 34 (citing 1300-71, 1468-82). As discussed above, the objective findings may not serve as the sole basis for the ALJ's rejection of Plaintiff's complaints. Contrary to the ALJ's statement that "the limitations found by the providers in the record are consistent with the ability to perform work related activities," Plaintiff's primary care provider and physical therapist both noted she was not capable of competitive full-time work. Tr. 1183-85, 1187-89, 1488-90. Therefore, the ALJ's analysis is not supported by substantial evidence.

On remand the ALJ will reconsider Plaintiff's subjective complaints.

**2.    Medical opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 18 at 14-21.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability

program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

>Supportability and consistency are further explained in the regulations:
>
>(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

  a. *Sarah Singer, PT*

Plaintiff's treating physical therapist, Sarah Singer, completed a medical source statement in June 2019 regarding Plaintiff's limitations from chronic back pain. Tr. 1488-89. She opined Plaintiff needed to lie down during the day for reduction of low back pain and that work on a regular and continuing basis would cause Plaintiff's conditions to deteriorate. Tr. 1488-90. She further stated that pain would cause Plaintiff to miss four or more days of work per month and that she was limited to sedentary or less than sedentary work, with no more than occasional use of her left upper extremity and frequent use of her right upper extremity. Tr. 1489.

The ALJ found this opinion was not persuasive, finding it to be unsupported by Ms. Singer's statements and discharge of Plaintiff from physical therapy due to non-compliance, and further found the statements were not supported by Ms. Singer's moderate findings and Plaintiff's lack of treatment for her back at the time. Tr. 33.

Plaintiff argues the ALJ's rationale is not supported by substantial evidence, is not adequately specific, and ignores other evidence in the file. ECF No. 18 at 19-21. Defendant argues the ALJ reasonably interpretated the record and properly considered the factors of consistency and supportability. ECF No. 20 at 17-19.

The Court finds the ALJ's discussion is not supported by substantial evidence. First, Plaintiff's discharge from Ms. Singer's care for non-compliance occurred over a year prior to the opinion being completed. Tr. 1340. Plaintiff reengaged with services in May 2019. Tr. 1315. Second, the ALJ found Ms. Singer documented only moderate findings on exam, citing to records from January 2018. Tr. 33 (citing Tr. 1351-52). The records contemporary with the June 2019 opinion document limitations in range of motion in the spine, paresthesia to both legs and hands, reduced lower extremity strength, and leg length discrepancy. Tr. 1315 1318, 1330. While some of these findings are noted to be "moderate," the ALJ offered no explanation for why moderate findings are inconsistent with the assessed limitations. Finally, the ALJ's statement that Plaintiff was not getting treatment for her back at the time the opinion was completed is not accurate, as Plaintiff was receiving treatment for her back from Ms. Singer and PA-C Laura Hohman for several months before the opinion was completed and for the months following. Tr. 1250-66, 1314-19, 1322-34.

On remand the ALJ will reconsider Ms. Singer's opinion in assessing Plaintiff's functional limitations.

   b. *Lauren Hohman, PA-C*

 Plaintiff's primary care provider, Lauren Hohman, completed two statements in 2019 in support of Plaintiff's disability claim. Tr. 1183-85, 1187-89. In March she stated Plaintiff had to lie down for 30-60 minutes per day due to low back pain, and that, per patient's report, she would miss four or more days per month from full-time work. Tr. 1183-84. She stated Plaintiff's prognosis was good, especially if she had carpel tunnel surgery, and that if she had the surgery, she should be able to work. *Id.* Ms. Hohman stated Plaintiff was limited to sedentary work. Tr. 1184. In May, Ms. Hohman completed DSHS paperwork, noting Plaintiff was unable to hold objects for long or stand for long, and was currently unable to participate in any work or work-search related activities. Tr. 1187. She stated Plaintiff was unable to perform even sedentary work and would have those limitations for six months. Tr. 1188.

 The ALJ found these opinions to be partially persuasive, but found they were not supported by the exams or Ms. Hohman's own statements that Plaintiff's conditions were treatable. Tr. 33. The ALJ further found the opinions were not consistent with other exams from physical therapy after the opinions were offered. *Id.*

 Plaintiff argues the ALJ erred in failing to indicate what parts of the opinions were being discounted, and in citing to large ranges of records without specifying what in the records was inconsistent with Ms. Hohman's opinion, rendering the discussion unreviewable. ECF No. 18 at 16-17. Plaintiff further argues that the records cited by the ALJ do not contain any physical therapy records, and rather contain Ms. Hohman's own treatment records which contain objective findings supportive of the opinions. *Id.* Defendant argues the ALJ reasonably found the opinion to be unsupported by Ms. Hohman's own statements, including notes that the conditions were treatable, and that treatment would restore Plaintiff's ability to work. ECF No. 20 at 13-15. Defendant further asserts that while the ALJ

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

mistakenly cited to an exhibit that did not contain the physical therapy records, her rationale can still be reasonably discerned from the physical therapy notes following Ms. Hohman's opinion showing steady improvement and decreasing pain following Plaintiff's carpal tunnel surgery. *Id.* at 15-16.

As this claim is being remanded for further proceedings, the ALJ shall reconsider all medical opinion evidence in completing the five-step process.

    *c.*    *State agency reviewing doctors*

At the initial and reconsideration stages, the state agency reviewing doctors found Plaintiff had severe mental impairments and was limited to performing simple one and two-step tasks, could only interact with others on an occasional/superficial basis, and would have difficulties adapting to changes and would not be able to set goals independently. Tr. 92-94, 142-43. They noted Plaintiff would experience occasional lapses in attention, attendance, and concentration, persistence, and pace due to mental health symptoms, but not at a level that precluded work activity. Tr. 93, 142.

Plaintiff argues the doctors' use of the word "occasional" in describing Plaintiff's lapses in attention and concentration indicates she would be unable to maintain sufficient productivity for up to one-third of the workday. ECF No. 18 at 14-15. Defendant argues the context of the opinion indicates the doctors were not using "occasional" in the vocational sense of the worse, as they stated the limitations were not work-preclusive and the doctors otherwise assessed only moderate limitations. ECF No. 20 at 12-13.

The Court finds the ALJ's interpretation of these opinions as non-disabling is reasonable and supported by substantial evidence.

    *d.*    *Dr. Emma Billings, PhD and Lynda Campbell, OT*

Plaintiff argues the ALJ improperly rejected the opinions from Dr. Billings and Ms. Campbell. ECF No. 18 at 18-19, 21.

The revised regulations for assessing medical evidence define a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. § 416.913. The Court finds neither Dr. Billings nor Ms. Campbell assessed any specific work-related functional limitations. Tr. 1103-09, 1484-86. Therefore, any error on the part of the ALJ was harmless. However, on remand, the ALJ will reconsider the record as a whole in reassessing the claim.

**3.     Step two**

Plaintiff argues the ALJ erred in failing to discuss peripheral neuropathy at step two and in finding headaches to be non-severe. ECF No. 18 at 3-7.

As this claim is being remanded for further consideration of Plaintiff's subjective complaints and the medical evidence of record, the ALJ will also complete each of the steps of the sequential evaluation process, taking into consideration any additional evidence that may be submitted on remand.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed,[4] and

---

[4] Though not raised by the Parties, the Court also takes note that there is an apparent inconsistency between the vocational expert's testimony and the Dictionary of Occupational Titles: the RFC limits Plaintiff to performing simple, routine, one and two step tasks, yet the vocational expert identified jobs that require a reasoning level of two. *See* Dictionary of Occupational Titles #209.587-034, Marker (1991 WL 671802); #229.587-018, Ticketer (1991 WL 672150) #915.473-010, Parking-Lot Attendant (1991 WL 687865). In *Rounds v. Comm'r of*

take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 22, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

---

*Soc. Sec. Admn.*, 807 F.3d 996 (9th Cir. 2015), the Ninth Circuit held there is an apparent conflict between a limitation to one and two-step tasks and the demands of level two reasoning that must be resolved by the ALJ. Plaintiff also pointed out in a footnote that one of the identified jobs exceeded the handling and fingering limitations in the RFC. ECF No. 18 at 2. On remand the ALJ should take care to identify and resolve any conflicts between the vocational testimony and authoritative vocational sources such as the Dictionary of Occupational Titles.